## PHILIP SMITH v. MOLTON RICHARDS et al.

Court of Chancery. Sussex. March 12, 1823.

*Ridgely's Notebook IV, 169.*

## JOHN ROBINSON v. EDWARD ROSS and SAMUEL CADE.

Court of Chancery. Sussex. March 13, 1823.

*Ridgely's Notebook IV, 174.*

[For this case, see 1 Del.Ch. 253.]

## ANN CLARK and ELIZABETH CLARK, Administrators d. b. n. of John Clark, v. MATTHEW KEAN and JOHN STOCKTON, Surviving Administrators of Thomas Kean, and GEORGE READ, Esq.

Court of Chancery. New Castle. April 12, 1823.

*Ridgely's Notebook IV, 188.*

## DAVID PEACOCK v. DAVID DICKINSON.

Court of Chancery. New Castle. April 19, 1823.

*Ridgely's Notebook IV, 204.*

## NANCY SMITH v. DAVID SMITH.

Orphans' Court. Sussex. July 26, 1823.

*Ridgely's Notebook IV, 235.*

THE CHANCELLOR. The whole evidence to prove that William Smith was seised of an estate of inheritance in this land, is by parol; and that proves nothing more than that some verbal contract was made by David Smith for the conveyance of this land to his son, William, at some future day. Such conveyance was never made. The testimony of Mr. Judge proves the reverse of an estate of inheritance in William, for David Smith was required to make the deed to him to secure the privilege of raising ore for twenty-five years. This petition is dismissed because there is no evidence in writing of any sale, bargain or contract touching this land; and because William was not, at the time of his death, seised of an estate of inheritance in the land.

Let it be dismissed without prejudice to any suit in Chancery; for if she can recover dower, such recovery can be effected in that court only.

## THOMAS L. JUDGE and RICHARD W. HOWELL v. JAMES GASKINS.

Court of Chancery. Sussex. July 25, 1823.

*Ridgely's Notebook IV, 237.*